UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ROSS,

        Petitioner,

                              CASE NO. 02-CV-74632-DT
v.                              HONORABLE JOHN CORBETT O'MEARA

MARY BERGHUIS,

        Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

Before the Court is Petitioner's motion for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(b) concerning this Court's dismissal of his habeas petition for failure to comply with the one-year statute of limitations. The United States Court of Appeals for the Sixth Circuit has affirmed this Court's decision. *See* Case No. 03-2523.

Essentially, Petitioner seeks reconsideration of this Court's order dismissing his habeas petition as time-barred. A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3).

Further, even if the Court considers Petitioner's motion under Federal Rule of Civil Procedure 60(b), he is not entitled to relief. Under that rule, a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake,

1

inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Having considered the matter, the Court concludes that it did not err in dismissing the habeas petition as untimely. Contrary to Petitioner's claim, application of the statute of limitations does not result in an unconstitutional suspension of the writ. Under the Suspension Clause to the United States Constitution, Congress cannot abolish habeas corpus except in situations of rebellion or invasion. U.S. CONST. art. I, § 9, cl. 2. The United States Supreme Court has found that habeas legislation violates the Suspension Clause only when it unreasonably "renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998) (quoting *Swain v. Pressley*, 430 U.S. 372, 381 (1977), and *United States v. Hayman*, 342 U.S. 205, 223 (1952)). Because the AEDPA's statute of limitations leaves habeas petitioners with a reasonable opportunity to have their claims heard on the merits, the limitations period does not render the habeas remedy inadequate or ineffective to test the legality of detention. *See Wyzykowski v. Dep't. of Corr.*, 226 F.3d 1213, 1217 (11th Cir. 2000); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 113 (2nd Cir. 2000); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000); *Miller*, 141 F.3d at 978; *see*

*also Birch v. Sherman*, No. 01-CV-74402-DT, 2002 WL 1880398, *4 (E.D. Mich. July 31, 2002). The AEDPA's statute of limitations does not unconstitutionally suspend the writ of habeas corpus.

Additionally, while the one-year limitations period may be equitably tolled based upon actual innocence, *see Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005), Petitioner has failed to allege facts establishing his actual innocence. As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner has made no such showing. Conclusory allegations of actual innocence do not justify equitable tolling. *See, e.g., Weibley v. Kaiser*, 50 Fed. Appx. 399, 403 (10th Cir. 2002). Accordingly, the Court **DENIES** Petitioner's motion for relief from judgment.

    **SO ORDERED**.

                                          s/John Corbett O'Meara
                                          United States District Judge

Dated: April 4, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 4, 2007, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager
